# CHARLESTON

WHITE *v.* SOHN.

Submitted September 11, 1907.    Decided December 3, 1907.

1. LANDLORD AND TENANT—*Removal of Lease—Evidence.*

A written offer, made by a landlord to his tenant, to renew a lease for two years, couched in the following terms: "At the expiration of the lease you now hold on my property I will be glad to renew at the present rental and conditions. Yours truly, M. Z. White. P. S. If satisfactory kindly advise me by return mail. M. Z. W.," is ambiguous as to intention to make acceptance by return mail a condition of the offer, precluding a verbal acceptance or acceptance by conduct, and, it appearing that the tenant after having received such offer, continued in possession, paying rent as before, which the landlord accepted, it is for the jury to determine, from the facts and circumstances, not only what mode of acceptance was intended, but also whether, if acceptance by return mail was intended as a condition of the offer, the mode of acceptance was waived. (p. 82.)

2. TRIAL—*Misleading Instructions.*

An instruction susceptible of two different constructions, one of which is prejudicial to a party, is calculated to mislead the jury, and is, therefore, improper. (p. 82.)

Error to Circuit Court, Mingo County.

Action by M. Z. White against Eli Sohn. Judgment for plaintiff, and defendant brings error.

*Reversed. · New Trial Granted.*

STOKES & BRONSON, for plaintiff in error.

BROWN & WILES, for defendant in error.

Poffenbarger, Judge:

Eli Sohn, a tenant of M. Z. White, as to certain property in the town of Williamson, Mingo county, under a written contract of lease for one month from April 1, 1904, to be continued for a term of twenty-four months, should the tenant so elect, did so continue the same, and, after the expiration of the twenty-four months term, held over until April 3, 1907, claiming a renewal of the contract, by acceptance of a written offer of renewal made by White. On said last mentioned date, White commenced an action against him in a justice's court for recovery of possession of the premises and later obtained a judgment therefor, from which an appeal was taken to the circuit court. There, on the trial *de novo*, judgment for both possession and $184.00 damages was obtained, June 25, 1907, and Sohn has brought the same to this Court for review, assigning as grounds of error refusal of the court to set aside the verdict for insufficiency of evidence, to allow the introduction of certain evidence, and to give a certain instruction, tendered by the defendant, as well as its action in giving a certain instruction at the request of the plaintiff.

About two months before the expiration of the term, White sent by mail the following proposal to renew: "Williamson, W. Va., February 2nd, 1906., Mr. Eli Sohn, Williamson, W. Va., Dear Sir: At the expiration of the lease you now hold on my property, I will be glad to renew at the present rental and conditions. Yours truly, M. Z. White. P. S. If satisfactory kindly advise me by return mail. M. Z. White." Sohn testified that he had received this letter on February 2, 1906, and immediately written and posted a letter, directed to White, accepting his proposition and enclosing a check for the rent for that month; but White denies having received such a letter, though he admits the receipt of the check by mail. After that, rent was regularly paid until February, 1907, when a written notice to terminate the tenancy on April 1, 1907, and demand for surrenerd of the possession thereof on that date, was served on Sohn. Thereafter White accepted the rent until April 1, 1907. Defendants instruction, refusal whereof is assigned as error, reads as follows:

"The Court instructs the jury that if they believe from the

evidence in this case that the plaintiff, M. Z. White, leased the premises sued for to the defendant, Eli Sohn, for a definite term, and that afterwards, and before said term expired, the said M. Z. White gave the said Sohn the privilege of extending said term under the same terms and conditions as provided for in said lease, and if they further believe from the evidence, that said Sohn remained in possession of said premises after the expiration of the time provided for in said lease and paid to the said White rental therefor in accordance with the terms of said lease for the time occupied by him after the expiration thereof, they must find for the defendant.''

Plaintiff's instruction, to the giving of which an exception was taken, is as follows:

"The Court instructs the jury that if they believe from the evidence in this case that the plaintiff, M. Z. White, made to the defendant, Eli Sohn, a proposition to renew his lease upon the property described in the summons and that the defendant did not accept the said proposal, then that the fact of such proposal being made constitutes no defense to this action.''

No fault can be found with the action of the court in refusing the instruction tendered by the defendant. It is condemned by the wholesome and well settled rule inhibiting the giving of instructions bearing on the weight of the evidence, as amounting to an invasion of the province of the jury. The tenant's retention of possession, and the landlord's acceptance of rent for nearly a year, after the offer of a renewal, and expiration of the lease, are circumstances tending to prove acceptance of the proposal to renew, but their probative value is to be determined by the jury, not the court. The giving of this instruction would have made them conclusive.

But the other instruction was improperly given, for it falls within the same rule, as well as others equally well settled. Its tendency is to convey to the jury the impression that a renewal was not effected, if they should find the offer was not accepted in writing by return mail as requested. It virtually says the want of a written acceptance is a circumstance of great weight, when, in fact and in law, it is only one of several circumstances bearing on the issue of acceptance. Ac-

ceptance in writing was not in terms made a condition of the offer. The clause of the letter, relating thereto, was a mere · request for immediate advice as to whether it would be accepted or rejected, and afterwards, the year expired and the tenant remained in possession and paid rent for almost an additional year, which was accepted without question. This conduct of the parties was proper for consideration of the jury in determining whether acceptance by return mail was a condition of the offer or a mere request, and if a condition, whether compliance therewith had been waived. Uncertainty and indefiniteness of the offer, in this respect, lets in parol evidence for ascertainment of the intention of the parties here as in other analogous cases; and the doctrine of waiver obviously applies to such contracts or negotiations for contracts, if, in the opinion of the jury, acceptance by return mail was a condition of the offer. The case is unlike that in which there is no subsequent conduct or relationship perfectly consistent with the theory of acceptance and waiver, and tending strongly to prove both. These considerations make the instruction manifestly and flagrantly bad under the rule declared in *Maddy Bros.* v. *Crockett,* 57 W. Va. 66, for it is equivocal and susceptible of two constructions, one of which would absolutely preclude defense, if there was no acceptance by return mail, and the other allow defense on the theory of acceptance by retention of possession and payment and acceptance of rent. "The giving of an instruction which by reason of its susceptibility of such interpretation as will make it express a proposition at variance with the law applicable to the evidence which forms its subject matter, is erroneous and prejudicial, although another interpretation of it in harmony with the law is not precluded by its terms. The weight to be accorded to evidence is matter of determination by the jury, and an instruction which wholly or partially withdraws it from their control, by limiting or defining it, is generally cause for reversal." *Maddy Bros.* v. *Crockett,* 57 W. Va. 66, (pts. 3 and 4 syl). The direct and in evitable tendency of the instruction was to confuse and mislead the jury. They no doubt took it to mean that the acceptance had to be by letter sent by return mail and found against such acceptance, and so reached a conclusion without considering the important evidence tending to prove waiver of such con-

dition, if, in fact, it was a condition, as well as acceptance in another mode.

The exception for refusal to admit evidence is not well taken. The apparent object of the offer was to prove a verbal acceptance of the offer to renew the lease, by the testimony of Sohn, but no disclosure was made as to what he would say in response to the questions his attorneys attempted to propound to him. See *State* v. *Clifford*, 59 W. Va. 1, citing numerous other cases to the effect that such disclosure must be made to the trial court in order to make an exception of this kind available in the appellate court.

For the error aforesaid, the judgment will be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed.    New Trial Granted.*